IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KEVIS VAN NESS, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : Case No. 4:24-cv-0007-CDL-MSH |
| | : |
| COPPERHEAD BAIL BONDING COMPANY, | : |
| | : |
| Defendant. | : |
| _____ | : |

## **ORDER**

Pending before the Court is Plaintiff's motion for appointment of counsel (ECF No. 9). Plaintiff claims that appointed counsel is necessary because his imprisonment will limit his ability to litigate this matter, the issues are complex, he has limited access to the law library and limited knowledge of the law. Pl.'s Mot. to Appoint Couns. 1, ECF No. 9.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in

large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

As an initial matter, the Court recommended dismissing Plaintiff's Complaint for failure to state a claim. R. & R., Jan. 31, 2024, ECF No. 5. If that recommendation is accepted by the district judge, Plaintiff's motion will become moot. Nevertheless, the Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. While Plaintiff may be incarcerated, the facts of this matter are not complex or unknown to Plaintiff, and Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 9) is **DENIED**.

**SO ORDERED**, this 21st day of March, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE